CHEHARDY, Chief Judge.
Defendant, Roy L. Simon, was charged by bill of information with possession of cocaine in violation of LSA-R.S. 40:967. Upon the denial of his motion to suppress the evidence, he withdrew his plea of not guilty and entered a plea of guilty, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to seek appellate review of the denial of his motion to suppress evidence.
Defendant appeals, contending he abandoned the physical evidence at a time when an illegal stop was imminent and, therefore, the trial court erred in denying his motion to suppress.
The evidence reflects that on the night of March 12, 1986 at approximately 10 p.m., Officer Henry Saacks and his partner were driving a patrol car through an area in Jefferson Parish known for a high incidence of drug crimes when they observed the defendant knocking on an apartment door. Upon seeing the patrol car the defendant turned and walked quickly away from the apartment. Officer Saacks then got out of the police vehicle and began following the defendant. While turning the corner of a building defendant dropped a clear plastic bag and continued to walk. During the foregoing events Officer Saacks’ partner was driving around the block in an effort to block defendant’s path and, consequently, did not see defendant *251 drop the plastic bag. Officer Saacks picked up the plastic bag and he and his partner observed that it contained a white powdery substance which they believed to be cocaine. The defendant was detained.
A narcotics unit identified the substance abandoned by defendant as cocaine. Defendant was then placed under arrest.
The narrow question presented for review is whether or not an illegal detention was imminent when the defendant abandoned the cocaine.
The Fourth Amendment to the U.S. Constitution and Article 1, § 5 of the Louisiana Constitution protect people against unreasonable searches and seizures. Both state and federal jurisprudence recognize the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). This right is codified in LSA-C. Cr.P. art. 215.1.
The constitutional guaranty against unreasonable searches and seizures does not, however, limit police contact with individuals to investigatory stops. Every encounter between a police officer and a citizen is not an intrusion requiring objective justification under the Fourth Amendment. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). As long as a person remains free to disregard a police encounter and walk away, there has been no intrusion upon that person’s liberty. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Belton, 441 So.2d 1195 (La.1983). “[I]t is only when the citizen is actually stopped without reasonable cause or when that stop is imminent that the right to ‘be let alone’ is violated.” State v. Ryan, 358 So.2d 1274, 1276 (La.1978); State v. Chopin, 372 So.2d 1222 (La.1979).
Examples of circumstances which might indicate that a citizen is not free to leave include some physical touching of the citizen by the police officer, the use of language or tone of voice indicating that compliance with the officer’s request might be compelled, the threatening presence of several police officers, and the display of a weapon by a police officer. United States v. Mendenhall, supra.
Property abandoned without any prior unlawful intrusion into a citizen’s right of freedom from governmental interference may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person’s custodial rights. State v. Andrishok, supra.
In the instant case, Officer Saacks had the right to get out of the patrol car and follow the defendant. The officer did not verbally address the defendant. Nor did he touch the defendant physically. The defendant remained free to walk away. Only after the defendant discarded the cocaine in Officer Saacks’ immediate view was he detained. The actions of the police officers prior to defendant’s abandonment of the contraband did not intrude on defendant’s liberty or privacy. Therefore, the seizure of the cocaine was legal.
We find the trial court did not err in denying defendant’s motion to suppress the physical evidence.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.