DUFRESNE, Judge.
The defendant, Craig Garrison was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967.
He withdrew his not guilty plea and tendered a guilty plea to the charged offense, reserving the right to appeal the ruling on the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In accordance with a plea agreement he was sentenced to five years with the Department of Corrections.
This appeal followed and the defendant has urged that the trial judge erred in denying the motion to suppress.
FACTS
In the early morning hours of April 8, 1990, Captain Phil Barrios and Sergeant Thomas J. Freeman were working a paid security detail at the Villa D’Ames Apartments due to the high incidence of drug and related criminal activity in the complex. At approximately 3:00 a.m. they observed an individual loitering in the parking area between Buildings # 7 and # 13. When the individual noticed the marked police unit he ducked behind a dumpster in an apparent attempt to evade detection. The officers exited the car and approached the area where the individual had disappeared from view. They came upon the defendant as he was emerging from behind the dumpster. When Garrison saw the two officers he threw a small plastic bag to the ground.
While Sergeant Freeman detained Garrison, Captain Barrios retrieved the bag which was found to contain four “rocks” of cocaine.
The defendant was then arrested and the present prosecution ensued.
*457 DISCUSSION
In State v. Belton, 441 So.2d 1195 (La.1983) cert. denied, Belton v. Louisiana, 466 U.S. 953,104 S.Ct. 2158, 80 L.Ed.2d 543 (1984) the Louisiana Supreme Court observed:
The purpose of the fourth amendment, however, is not to eliminate all contact between the police and the citizenry. Police officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to converse with or approach a citizen. As long as the person remains free to disregard the encounter and walk away, there has been no intrusion upon that person’s liberty or privacy which would require some particularized and objective justification under the fourth amendment. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Williams, [421 So.2d 874,] supra [(La.1982)]; State v. Lanter, 391 So.2d 1152 (La.1980).
In Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) the court found that no seizure occurred when police officers approached a citizen to converse with him.
Likewise, in this case the actions of the officers were not “so intimidating” as to constitute a seizure.
Both officers testified that when the defendant emerged from behind the dumpster where he had been concealing himself he appeared surprised to see them. Accordingly, it would appear that their “pursuit” of him had gone unnoticed. Neither officer indicated that the defendant was told that he was under arrest, nor did they testify that their weapons were drawn when they approached the dumpster area. The defendant was only physically detained after he discarded the package.
Since the abandonment of the crack occurred prior to any seizure of the defendant it was properly examined by the officers. State v. Belton, supra.
The brief detention of defendant while the bag was retrieved and its contents examined was within the scope of an investigatory stop and was supported by the requisite reasonable cause. At the time of the detention the officers had observed the defendant hide to escape detection and attempt to rid himself of an object when he noticed the approaching officers. Coupled with the lateness of the hour and the high incidence of drug and other criminal activity in the area, the officers had reasonable cause to suspect that the defendant was committing, had committed or was about to commit an offense warranting a brief detention until the object disposed of could be inspected. See generally C.Cr.P. art. 215.1, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
This assignment of error is without merit.
DECREE
For the foregoing reasons, the conviction and the sentence are affirmed.
AFFIRMED.