609 So.2d 868 (1992)
STATE of Louisiana
v.
Griffin PERKINS.
Nos. 92-KA-459, 92-KA-460.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1992.
Ginger Berrigan, Jefferson Parish Indigent Defender Program, Gretna, for appellant, defendant Griffin Perkins.
Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for appellee, plaintiff State of La.
Before KLIEBERT, BOWES and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Griffin Perkins, filed a Motion To Suppress Confession, Identification, and Physical Evidence and it was denied by the district court. He pled guilty, under State v. Crosby, 338 So.2d 584 (La.1976), to possession of cocaine and possession of drug paraphernalia and was sentenced to three years imprisonment at hard labor, with two years suspended. We affirm the denial of the motion to suppress and the two convictions, but vacate the sentence and remand for resentencing.
On September 19, 1991, shortly before 6:00 p.m., Agent George Carcabasis of the Jefferson Parish Sheriff's Office, Narcotics Division, received a telephone report that several subjects were selling and using crack cocaine at the intersection of George Street and Highway 90 in Avondale. Agent Carcabasis and Sergeant Tim Miller, also of the same division, proceeded to the area in an unmarked police car. Located at the intersection was a convenience store, surrounded by a parking lot, partly paved and partly covered with shells. The officers drove into the parking area, near a group of men, and they saw the defendant drop a brown piece of paper and a pipe. Agent Carcabasis detained the defendant at the car, opened the piece of paper that the defendant had dropped and found three small rocks. The officers arrested the defendant and seized the pipe and piece of paper containing the three rocks. The rocks tested positive for cocaine.
*869 Defendant was charged on December 6, 1991 by two bills of information with possession of cocaine (La.R.S. 40:967(C)) and possession of drug paraphernalia (La.R.S. 40:1033). On February 7, 1992 defendant filed a Motion To Suppress Confession, Identification, and Physical Evidence in response to both charges. The motion was heard on March 12, 1992.
Defendant testified that he went to the convenience store to purchase a drink. He exited the store as the police car pulled into the parking lot. The people in the parking lot, who were selling drugs, dropped certain items and ran away. The officers accused defendant of being the owner of and dropping the contraband. Defendant denied that he had any contraband or dropping anything. The trial judge heard the defendant's testimony, and that of the two officers, before denying defendant's motion to suppress. Then, the defendant, entered a guilty plea to each offense, under State v. Crosby, reserving his right to appeal the denial of the motions to suppress. The judge then sentenced defendant to three years at hard labor, and suspended two years.
Defendant appealed both cases and they were consolidated by order of this court. Defendant seeks review of the trial court ruling denying his motion to suppress and all errors patent.
Defendant argues that the officers did not have reasonable cause to justify his investigatory stop. Thus, the property seized was illegally obtained. The state argues that there was no detention or unlawful intrusion into defendant's right to be free from government interference before defendant abandoned the cocaine and pipe and, therefore, the items could be legally seized up by the police.
In State v. Belton, 441 So.2d 1195, 1198-1199 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984), the Louisiana Supreme Court summarized the applicable law as follows:
The fourth amendment to the federal constitution and art. 1, § 5 of the Louisiana Constitution protects people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.Code Crim.P. art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La. 1983); State v. Chopin, 372 So.2d 1222 (La.1979). We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify and infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Andrishok, supra; State v. Chopin, supra.
The totality of the circumstances, "the whole picture," must be considered in determining whether reasonable cause exists. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, State v. Chopin, supra; State v. Truss, 317 So.2d 177 (La.1975), this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause, State v. Williams, 421 So.2d 874 (La.1982); State v. Wade, 390 So.2d 1309 (La.1980).
The purpose of the fourth amendment, however, is not to eliminate all contact between the police and the citizenry. Police officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to converse with or approach a citizen. As long as the person remains free to disregard the encounter and walk away, there has been no intrusion upon that person's liberty or privacy which would require some particularized *870 and objective justification under the fourth amendment. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Williams, supra; State v. Lanter, 391 So.2d 1152 (La.1980).
When police officers make an investigatory stop without the legal right to do so, property abandoned or otherwise disposed of as a result thereof cannot be legally seized. If, however, property is abandoned without any prior unlawful intrusion into a citizen's right to be free from governmental interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights. It is only when the citizen is actually stopped without reasonable cause or when a stop without reasonable cause is imminent that the "right to be left alone" is violated, thereby rendering unlawful any resultant seizure of abandoned property. State v. Andrishok, supra; State v. Chopin, supra; State v. Ryan, 358 So.2d 1274 (La. 1978).
More recently, in California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the United States Supreme Court held that, to constitute a seizure of a person under the Fourth Amendment, there must be the application of physical force, however slight, or submission to a police officer's show of authority, to restrain the person's liberty. In that case, crack cocaine, which was abandoned by the defendant while he was running, was found to be legally seized because the defendant was neither physically restrained nor did he submit to the officer's show of authority.
This court has likewise decided several cases supporting the view that the mere presence of a police officer, in close proximity to a suspect, does not, standing alone, constitute an investigatory stop, such that evidence abandoned pursuant thereto may not be legally seized. State v. Garrison, 580 So.2d 456 (La.App. 5th Cir.1991); State v. Vinet, 576 So.2d 1200 (La.App. 5th Cir. 1991); State v. Simon, 524 So.2d 250 (La. App. 5th Cir.1988).
State v. Vinet, supra, is on point with the instant case. In Vinet two officers, on routine patrol at 3:30 a.m., in an area known for drug related activity, observed three males standing together on the side of the street, one straddling a bicycle. When the subjects saw the partially marked police car, the one on the bicycle rapidly peddled away. The other two started walking toward an adjacent parking area. The officers followed in the car, increasing their speed to try and stop them. One of the subjects, later identified as Vinet, threw away a small white object as he walked. One officer then detained the two subjects while the other conducted a field test on the discarded substance, which revealed the presence of cocaine. Vinet was arrested. This court found no error in the trial judge's denial of the motion to suppress and affirmed the resulting conviction. In doing so the court held, quoting from the United States Supreme Court case Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988):
"While the very presence of a police car driving parallel to a running pedestrian could be somewhat intimidating, this kind of police presence does not, standing alone, constitute a seizure."
The facts in the case before us are even less compelling than those previously cited. Here, the officers simply pulled into the parking lot of the convenience store, when defendant dropped the contraband. The officers' actions were not even directed to a specific individual, such as in Vinet and Hodari D. Accordingly, we find that there was no seizure or illegal detention of defendant prior to the time he threw down the contraband, nor were the officers' actions "so intimidating" as to constitute a seizure. Property abandoned, without any prior unlawful intrusion into a citizen's right to be free from governmental interference, may be lawfully seized. The trial court was correct in denying defendant's motion to suppress.
In the alternative, defendant argues that, if the court determines that the evidence was legally seized as a matter of *871 law, then as a matter of fact the evidence does not support the ruling. More particularly, defendant argues that the two officers' testimony was so unreliable that, as a factual matter, the state did not meet its burden of proving the admissibility of the evidence. We disagree.
While defendant correctly points out that the officers' recollection was foggy on some points like lighting, defendant's dress, or time of seizure, they were basically consistent and firm about the facts relating to the abandonment of the contraband by defendant. They both stated that they observed the defendant drop a brown bag or paper as their police unit approached the location where defendant and some other people were standing. Defendant denied these facts. At that point, the trial judge must make a credibility determination that is within his broad discretion. He believed the testimony of the police officers over the testimony of defendant. The record here supports the trial judge's denial of defendant's motion to suppress.
Defendant also requested that this court review the record for patent error. Upon review, the record reflects an error in the sentencing.
Defendant was charged, by two separate bills of information, with two separate offenses, possession of cocaine and possession of drug paraphernalia. Defendant filed one motion to suppress, applicable to both cases. The transcript indicates that both cases were called and the motions were heard and denied. A short recess was called. Upon returning both case numbers were again called. Defense counsel thereupon stated that defendant wanted to plead guilty under State v. Crosby, to both charges. The trial judge reviewed with defendant his Boykin[1] rights. The record indicates that defendant knowingly and intelligently entered his pleas after being properly advised of the constitutional rights he was waiving. The trial court noted that defendant was pleading guilty pursuant to an agreement on the sentence of three years at hard labor, with two years suspended, and after release, one year active probation. The trial court accepted defendant's guilty pleas and defendant waived delays for sentencing. Then, the trial court imposed one sentence, without indicating on which offense the sentence was imposed, despite the fact that defendant had pled guilty to two offenses. The imposition of one sentence for two offenses, or the lack of imposition of sentence for one of the offenses, is patent error. State v. Batiste, 517 So.2d 371 (La. App. 5th Cir.1987).
The error was then compounded by the issuance of two commitment orders, one for each offense, each indicating that defendant was "sentenced to imprisonment at hard labor, for three (3) years ... ". The minutes likewise reflect that the above sentence was imposed for each offense. Thus, the commitment and minutes are not supported by the transcript and the transcript prevails when there is a discrepancy. State v. Lynch, 441 So.2d 732 (La.1983).
Additionally, it should be noted that a three year hard labor sentence for one of the offenses (possession of drug paraphernalia, a misdemeanor) is an illegal sentence. The maximum penalty for that offense is "imprisonment of not more than six months." La.R.S. 40:1033 and La.R.S. 40:1035. Thus, for this offense the sentence is illegal.
Therefore, for the above reasons we affirm the two convictions, vacate the sentence and remand the cases to the district court for resentencing. There were no other errors patent.
Accordingly, the denial of the motion to suppress is affirmed, the two guilty plea convictions are affirmed, the sentence is vacated and the case is remanded to the district court for resentencing.
AFFIRMED IN PART; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).