GAUDIN, Judge.
Mark Clay pled guilty to possession of cocaine, LSA-R.S. 40:967(C), after his motion to suppress evidence had been denied. He is before this Court in accord with State v. Crosby, 338 So.2d 584 (La.1976).
Clay was given a suspended two-year jail sentence and placed on inactive probation for one year. He was required to perform 200 hours of community service and pay a $250.00 fine plus court costs and fees. For the following reasons, we affirm the denial of the motion to suppress.
On May 13, 1992, Officer John Ladd and his partner, O.J. Orgeron, were assigned to work overtime in reference to illegal sale of narcotics within the Bunche Village area. In response to a complaint received from a small store in the 1000 block of Upland Street, the officers drove to that vicinity. As they proceeded on Upland toward the store, they saw a group of three or four black males standing along a chain link fence in the grocery store parking lot. As the officers approached, the black males looked in their direction, at which time Ladd and Orgeron saw Clay throw what appeared to be a small brown paper bag over the chain link fence into an empty lot. Because the officers felt that contraband could possibly be destroyed or lost, Ladd maintained visual contact on the bag as it hit the ground.
After the officers exited the vehicle, they identified themselves as police officers. Or-geron watched the individuals as Ladd walked around the chain link fence and retrieved the brown paper bag. After Ladd recovered the bag, he opened it and found that it contained off-white rocks. He then walked back to the vehicle and performed a preliminary field test on a small portion of one of the rocks. The test came back positive for the presence of cocaine. He then secured the bag and advised Clay that he was under arrest. Ladd testified that he was certain that Clay was the person who threw *247 the bag over the fence. Orgeron basically testified as to the same version of events.
After listening to this testimony and the arguments of counsel, the trial judge denied Clay’s motion to suppress.
Clay contends that the officers lacked articulable reasonable cause sufficient to make an investigatory detention. Clay’s abandonment of the contraband, he argues, was triggered by the officers’ illegal intrusion upon his right to be free from governmental interference; therefore, the evidence abandoned should have been suppressed.
In State v. Belton, 441 So.2d 1195 (La.1983), certiorari denied at 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543, the Louisiana Supreme Court summarized the law applicable to investigatory stops by police officers and discussed the reasonable suspicion requirement imposed by the Fourth Amendment for such a stop. The Court stated:
“The purpose of the fourth amendment, however, is not to eliminate all contact between the police and the citizenry. Police officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to converse with or approach a citizen. As long as the person remains free to disregard the encounter and walk away, there has been no intrusion upon that person’s liberty or privacy which would require some particularized and objective justification under the fourth amendment. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Williams, supra [421 So.2d 874 (La.1983)]; State v. Lanter, 391 So.2d 1152 (La.1980).
“When police officers make an investigatory stop without the legal right to do so, property abandoned or otherwise disposed of as a result thereof cannot be legally seized. If, however, property is abandoned without any prior unlawful intrusion into a citizen’s right to be free from governmental interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person’s custodial rights. It is only when the citizen is actually stopped without reasonable cause or when a stop without reasonable cause is imminent that the “right to be left alone” is violated, thereby rendering unlawful any resultant seizure of abandoned property. State v. Andrishok, supra [434 So.2d 389 (La.1983)]; State v. Chopin, supra [372 So.2d 1222 (La.1979) ]; State v. Ryan, 358 So.2d 1274 (La.1978).”
See also California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), State v. Perkins, 609 So.2d 868 (La.App. 5 Cir.1992), and State v. Vinet, 576 So.2d 1200 (La.App. 5 Cir.1991).
When Clay discarded the bag, there had been no seizure or illegal detention within the scope and meaning of the Fourth Amendment. The officers had neither spoken to Clay and the others nor had they acted in any intimidating fashion before the evidence was tossed away. The motion to suppress was properly denied.
Clay also asks us to search for errors patent. There is a discrepancy concerning the precise amount of the fine. The commitment form and minute entry show that a $250.00 fine was imposed whereas the transcript and waiver of rights form indicate that a fine of $300.00 was imposed. The transcript must prevail. See State v. Lynch, 441 So.2d 732 (La.1983).
Also, it appears that Clay should have been placed on active rather than inactive probation; however, the state has not made this an issue.
AFFIRMED.