750 So.2d 1002 (1999)
STATE of Louisiana
v.
Harold F. GASSENBERGER Sentenced as "Harold F. Gassenberger, III".
No. 99-KA-321.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1999.
*1003 Martin E. Regan, Jr., New Orleans, Louisiana, Attorney for Appellant, Harold F. Gassenberger.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Terry M. Boudreaux, Ellen S. Fantaci (Counsel of Record on Appeal), Frank A. Brindisi, Robert L. Odinet, Assistant District Attorneys, Gretna, Louisiana, Attorney for Appellee, State of Louisiana.
Court composed of Judges CHARLES GRISBAUM, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CHEHARDY, Judge.

STATEMENT OF THE CASE
On January 16, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant with one count of possession of cocaine over 400 grams in violation of La. R.S. 40:967(F), and one count of possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A). On January 30, 1997, defendant pled not guilty and filed a motion to suppress the evidence.
After a hearing and reviewing briefs submitted on the matter, on April 27, 1998, the trial court denied defendant's motion to suppress the evidence. Thereafter, defendant withdrew his former plea of not guilty and pled guilty, reserving his right to appeal the trial court's denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). On May 5, 1998, defendant was sentenced to thirty years at hard labor. This appeal ensued.

FACTS
The following facts are gleaned from the testimony of Sergeant Michael DeSalvo, Jr. of the Jefferson Parish Sheriffs Office, who testified at the April 13, 1998 hearing on defendant's motion to suppress. In December of 1996, a confidential informant (hereafter C.I.), approached Sergeant DeSalvo with information that he had personally observed large quantities of cocaine and marijuana in defendant's possession at defendant's residence in Bridge City, on the Westbank of Jefferson Parish. The C.I. told DeSalvo that defendant *1004 shared this residence with his parents and that he knew defendant and his family. The C.I. further stated that through his personal relationship with defendant, he had access to the residence and could obtain a sample of the cocaine he had seen.
It was thereafter agreed that the C.I. would get a sample of cocaine from defendant's room. Prior to the C.I.'s arrival at defendant's residence, DeSalvo searched the C.I. and the C.I.'s car for drugs, and found none. The C.I. then drove to defendant's residence and was followed and observed by DeSalvo and other assisting officers. Defendants' parents were home at the time the C.I. entered the residence. After securing a small amount of cocaine from defendant's bedroom, the C.I. visited with defendant's parents and exited the residence after approximately twenty minutes. The C.I. left defendant's residence and was followed by Sergeant DeSalvo to a pre-arranged location, where he gave DeSalvo the sample of cocaine which he had retrieved from defendant's bedroom.
Based on the information given to DeSalvo by the C.I., as well as the recovery of a sample of the cocaine by the C.I. from defendant's bedroom, DeSalvo traveled to the detective bureau and typed out a search warrant application and affidavit. DeSalvo then submitted the application and affidavit to a judge, who signed the search warrant for defendant's residence. During the ensuing search, approximately 14,500 grams of cocaine, approximately 5.5 pounds of marijuana, and seven firearms were seized from defendant's residence.

DISCUSSION
In his sole assignment of error, defendant argues that the trial court erred in denying his motion to suppress the cocaine and marijuana seized pursuant to the warrant because the issuance of the warrant was based on evidence discovered as part of an illegal search. Defendant also argues that the C.I. was acting under color of law, and not as a private citizen, when the initial cocaine seizure was made, and that Sergeant DeSalvo mischaracterized the C.I.'s efforts in his affidavit to improperly obtain the search warrant.
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution protect against unreasonable searches and seizures. A search conducted without a warrant is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Where the constitutionality of a warrantless search is at issue on a motion to suppress, the state bears the burden of proving that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5 Cir.1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866.
In this matter, Sergeant DeSalvo testified at the hearing that he did not tell the C.I. how to gain entry to the house or how to get the sample of cocaine. However, DeSalvo testified that he told the C.I. to "See what he could do" in response to the C.I.'s initial statement that he had access to defendant's narcotics.
Upon review, even if we were to find that based on the level of police involvement in the recovery of the sample of cocaine that the C.I. was acting under color of law, we find that notwithstanding the recovered cocaine sample, there was enough information supplied to Sergeant DeSalvo for a valid search warrant to issue.
A search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. La. Const. art. I, sec. 5; La. C.Cr.P. art. 162; State v. Duncan, 420 So.2d 1105 (La.1982). Probable cause exists "when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband *1005 may be found at the place to be searched." Id. at 1108.
In Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), the United States Supreme Court adopted a "totality of the circumstances" analysis for determining whether an informant's tip established probable cause for issuance of a search warrant. The Court held:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for ... conclud[ing]' that probable cause existed.
In the present case, we find that notwithstanding the information regarding the recovered cocaine sample, the warrant affidavit contained sufficient facts to support a finding that probable cause existed for the issuance of the warrant. The C.I. informed Sergeant DeSalvo, the affiant, that he knew defendant personally, saw large quantities of marijuana and cocaine in defendant's bedroom and that defendant was dealing cocaine out of his house. The C.I. also told DeSalvo that he had seen defendant weighing and mixing cocaine in defendant's residence.
Sergeant DeSalvo followed up on that information by running a background check on defendant, which revealed an extensive arrest record, including arrests for possession and distribution of narcotics. Based on these facts, we find that probable cause existed for the issuance of the warrant.
Finally, defendant argues that the evidence should be suppressed because the warrant application deliberately misled the magistrate as to how the C.I. obtained the cocaine. Since we have found that notwithstanding any evidence of cocaine being recovered from defendant's bedroom, the warrant affidavit contained sufficient facts for a valid search warrant to issue, this argument is moot. Furthermore, our review of the affidavit submitted in this case reveals that the facts recited therein track the testimony at the suppression hearing, and there is nothing in the record which contradicts the facts as recited in the warrant affidavit.
Accordingly, for these reasons, the trial court did not err in denying defendant's motion to suppress the evidence.

ERROR PATENT DISCUSSION
Pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and two are noted. First, defendant was charged with, and pled guilty to, two separate counts: possession of cocaine over 400 grams and possession with intent to distribute marijuana. However, at defendant's May 5, 1998 sentencing, the trial court imposed only one sentence of thirty years. The imposition of one sentence for two offenses, or the lack of imposition of a sentence for one of the offenses, is patent error. State v. Perkins, 609 So.2d 868 (La.App. 5 Cir.1992). Therefore, we must vacate the trial court's May 5, 1998 sentence and remand the case to the trial court for re-sentencing. Id.
Second, the record reflects that at defendant's sentencing, the trial court failed to advise defendant of the prescriptive period for post conviction relief as required by La.C.Cr.P. art. 930.8. At the time of defendant's original sentencing, La.C.Cr.P. art. 930.8 provided for a three-year prescriptive period. However, the article has been recently amended by Acts 1999, No. 1262, effective August 15, 1999, to provide for a two year prescriptive period, subject to certain exceptions.
Regarding the former article, in State ex. rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, the Louisiana Supreme Court considered, inter alia, whether the newly enacted prescriptive article had prospective *1006 application to defendants whose convictions and sentences became final after the effective date of the article. The Court held that the prescriptive period was not an ex post facto law violative of the United States and Louisiana Constitutions. Accordingly, after re-sentencing, the trial court is instructed to inform defendant of the two year prescriptive period under La.C.Cr.P. art. 930.8.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.