836 So.2d 271 (2002)
STATE of Louisiana
v.
Harold F. GASSENBERGER.
No. 02-KA-658.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2002.
*272 Ehle & Hesni, Inc., Davidson S. Ehle, III, Gretna, LA, for Appellant, Harold F. Gassenberger.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Appellate Counsel, Alan D. Alario, II, Counsel of Record on Appeal, Assistant District Attorneys, Gretna, LA, for Appellee, State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
JAMES L. CANNELLA, Judge.
Defendant, Harold F. Gassenberger, appeals from his sentence on the offense of possession of cocaine of over 400 grams (Count 1), to thirty years imprisonment and, on the offense of possession of marijuana with intent to distribute (Count 2), to five years imprisonment, both at hard labor and to run concurrently. For the reasons which follow, we affirm.
This is Defendant's second appeal. On January 16, 1997, the Jefferson Parish District Attorney filed a bill of information charging the Defendant with one count of possession of cocaine over 400 grams, in violation of La. R.S. 40:967(F) and one count of possession of marijuana with intent to distribute, in violation of La. R.S. 40:966(A). The Defendant pled not guilty at arraignment.
On April 27, 1998, the trial court denied the Defendant's motion to suppress the evidence. The Defendant next withdrew his plea of not guilty and entered a guilty plea, reserving his right to appeal the trial court's denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La. 1976). On May 5, 1998, the trial court sentenced the Defendant to 30 years imprisonment at hard labor on the two offenses.
The Defendant appealed, raising as his sole assignment of error the trial court's denial of his motion to suppress the evidence. Specifically, the Defendant argued that the evidence seized pursuant to the search warrant should have been suppressed because police mischaracterized the confidential informant's involvement in the investigation to improperly obtain the warrant. This Court affirmed the Defendant's plea convictions, but vacated his sentence because the trial court erred in imposing only one sentence for both offenses. The case was remanded to the district court for re-sentencing. See, State *273 v. Gassenberger, 99-321 (La.App. 5th Cir.10/26/99), 750 So.2d 1002.
On April 4, 2000,[1] the trial court re-sentenced the Defendant to 30 years imprisonment on Count 1 and five years imprisonment on Count 2, both at hard labor and to run concurrently, in accordance with the plea agreement.
On April 17, 2000, after the five-day appeal delay had run, the Defendant filed a notice of intent to seek writs from the trial court's April 4, 2000 ruling. The trial court granted the Defendant leave to apply for writs. In his writ application, the Defendant raised as errors the trial court's denial of his motion to suppress the evidence and the constitutional excessiveness of his 30 year imprisonment sentence. State v. Gassenberger, 00-KH-1269. On July 20, 2000, this Court denied the writ application, ruling as follows:
Relator seeks supervisory review of the April 4, 2000 judgment in which the trial judge re-sentenced him on two criminal convictions that were triable by a jury. See LSA.C.Cr.P. art. 782(A); LSA. R.S. 40:966(A) and 40:967(F). Because the appellate jurisdiction of this Court extends to a judgment that imposes sentence in a criminal case triable by a jury, review of the Defendant's sentences imposed on April 4, 2000 is by appeal. La. Const. of 1974, art. 5 § 10; LSA.C.Cr.P. art. 912.1.
However, relator's appeal rights expired when he failed to move for an appeal within the delays provided by LSA.C.Cr.P. art 914. Relator must seek reinstatement of his appeal rights in the district court. See State v. Counterman, 475 So.2d 336 (La.1985).
On April 3, 2002, the Defendant filed a timely application for post conviction relief. However, instead of only requesting an out-of-time appeal, he also raised the substantive claim of ineffective assistance of counsel for failure to challenge the trial court's refusal to require disclosure of the confidential informant. On April 23, 2002, the trial court granted the Defendant an out-of-time appeal under State v. Counterman, 475 So.2d 336 (La.1985). The trial court did not rule on Defendant's claim of ineffective assistance of counsel on the issues which he raised regarding the disclosure of the confidential informant. This appeal follows.
By his sole assignment of error in this appeal, the Defendant argues that the trial court erred in denying his motion to disclose the identity of the confidential informant by rejecting his argument that the State was required to disclose the identity of the confidential informant that police utilized in their investigation.
Procedurally, this issue is not properly before us in this appeal. Following the original appeal, the convictions were affirmed and the case was remanded for re-sentencing. Thus, the only issues that can be properly raised in this appeal are those regarding the re-sentencing. The Defendant assigns no error concerning the re-sentencing. And, we have found none in our review of the record. Accordingly, we affirm the sentences imposed by the trial court, on Count 1 to 30 years imprisonment at hard labor and on Count 2 to five years imprisonment at hard labor, to run concurrently.
We note that the Defendant did properly raise his claim on the issue of the confidential informant in his post conviction *274 application. However, the trial court did not specifically rule on that claim in its order of April 23, 2002. Therefore, although the appeal from the re-sentencing is final, we remand the case to the trial court for a ruling on the substantive issues raised in the Defendant's April 3, 2002 post-conviction application.
It is noted that the Defendant has requested an errors patent review. This Court performed an errors patent review of the original record in this case at the time of Defendant's first appeal, so Defendant is only entitled herein to an errors patent review of the record on re-sentencing. See, State v. Taylor, 01-452, p. 10 (La.App. 5th Cir.11/14/01), 802 So.2d 779, 783; State v. Alberto, 95-540, p. 23 (La. App. 5th Cir.11/28/95), 665 So.2d 614, 625, writs denied, 95-1677 (La.3/22/96), 669 So.2d 1222; 96-0041 (La.3/29/96), 670 So.2d 1237.
The record on re-sentencing was reviewed for errors patent. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We note the following two errors requiring remand for correction of the minute entry/commitment.
The record shows that, as to Count 1, the Defendant pled guilty to possession of cocaine over 400 grams. The minute entry/commitment, however, states that the Defendant pled guilty to possession with intent to distribute over 28 grams of cocaine. Additionally, the record show that, as to Count 2, the Defendant pled guilty to possession of marijuana with intent to distribute, but the minute entry/commitment states that the Defendant pled guilty to distribution of cocaine. It is also noted that the sentencing transcript is dated April 4, 2000, whereas the commitment is dated April 3, 2000. When there exists a conflict between the transcript and the commitment, the transcript controls. State v. Lynch, 441 So.2d 732 (La.1983). Therefore, this matter is remanded to the trial court for the limited purpose of correcting the commitment to conform to the transcript, designating the proper offenses to which the Defendant pled guilty and the proper commitment date.
For the foregoing reasons, we affirm the Defendant's sentences to 30 years imprisonment at hard labor on Count 1, and five years imprisonment on Count 2, to run concurrently. The appeal is considered final. Further, the matter is remanded to the trial court to rule on the Defendant's outstanding post-conviction claims, filed on April 3, 2002, on which the trial court has not yet ruled, and to correct the minute entry/commitment.
SENTENCES AFFIRMED. CASE REMANDED.
NOTES
[1] While the court reporter's affidavit bears the date April 4, 2000, the commitment is dated April 3, 2000.