916 So.2d 1197 (2005)
STATE of Louisiana
v.
Robert R. YRLE.
No. 05-KA-202.
Court of Appeal of Louisiana, Fifth Circuit.
October 6, 2005.
*1198 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Defendant, Robert R. Yrle, appeals from his enhanced sentence as a fourth felony offender to 20 years imprisonment at hard labor, without benefit of probation or suspension of sentence.[1] For the reasons which follow, we affirm.
*1199 This is the Defendant's second appeal. His conviction for theft of goods valued at more than $100 and less than $500 and his original sentence were previously affirmed by this Court. State v. Yrle, 04-900 (La. App. 5th Cir.3/29/05), 901 So.2d 470. This appeal pertains only to the Defendant's 20 year enhanced sentence as a fourth felony offender.
On May 13, 2004, following sentencing on the theft conviction, the State filed a habitual offender bill of information, alleging that the Defendant was a fourth felony offender, referencing three prior convictions for simple burglary of an inhabited dwelling, first degree robbery and theft of goods valued between $100 and $500. The Defendant was advised of the allegations in the habitual offender bill of information, and he entered a denial.
On December 8, 2004, the trial court held a hearing and found the Defendant to be a fourth felony offender. On that day the trial court vacated the Defendant's original sentence and imposed an enhanced sentence of twenty years at hard labor, without benefit of probation or suspension of sentence. The Defendant made an oral motion for appeal. He filed a written motion for appeal on December 13, 2004 and the motion was granted on December 23, 2004.
On appeal, the Defendant assigns only one error, arguing that his 20 year enhanced sentence is excessive in that it is disproportionate to the underlying crime of shoplifting. The Defendant failed to file a motion to reconsider sentence and concedes that he is, therefore, only entitled to a review of his sentence for constitutional excessiveness. La.C.Cr.P. art. 881.1; State v. Dupre, 03-256, p. 7 (La.App. 5th Cir.5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509.
As a fourth felony offender, the Defendant was subject to a sentencing range of twenty years to life imprisonment. La. R.S. 14:67.10; 15:529.1 A(1)(c)(i). The imposed sentence is the minimum allowed by statute. It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906, p. 6 (La.3/4/98), 709 So.2d 672, 675; State v. Bailey, 04-85, p. 15 (La.App. 5th Cir.5/26/04), 875 So.2d 949, 961, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476. But, if the trial judge finds that an enhanced punishment mandated by La. R.S. 15:529.1 makes "no measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeless imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial judge has the option and duty to reduce the sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). Nevertheless, downward departures from a mandatory minimum sentence should occur only in rare situations. Johnson, 97-1906 at p. 9, 709 So.2d at 676.
In order to rebut the presumption of constitutionality, the Defendant must make a clear and convincing showing that he is "exceptional, which . . . means that because of the unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." State v. Harbor, 01-1261, p. 5 (La.App. 5th Cir.4/10/02), 817 So.2d 223, 227, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388. Thus, the "`trial court may not depart *1200 from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant.'" Bailey, 04-85 at p. 16, 875 So.2d at 961 (quoting State v. Young, 94-1636, p. 5 (La. App. 4th Cir.10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223.
The Defendant herein argues that the trial court should have deviated below the mandatory minimum enhanced sentence, because a 20 year term of imprisonment is disproportionate to the crime of shoplifting. However, the Defendant did not move the trial court to consider a downward departure at the time of sentencing, nor did he attempt to meet his burden of showing, by clear and convincing evidence, that his is one of the rare cases in which a downward departure is warranted. Moreover, the Defendant ignores that he is a repeat offender with prior convictions for, among others, first degree robbery and simple burglary of an inhabited dwelling and is not simply a multiple shoplifter. Accordingly, we do not find the minimum 20 year sentence imposed in this case to be excessive.
This Court performed an errors patent review of the original record in this case at the time of the Defendant's first appeal. He is now only entitled to an errors patent review of the habitual offender proceedings. See, State v. Gassenberger, 02-658, p. 5 (La.App. 5th Cir.12/11/02), 836 So.2d 271, 274. The review reveals a discrepancy between the commitment and the transcript regarding the restriction of benefits. In the transcript, the Defendant was sentenced without benefit of probation or suspension of sentence, but the commitment reflects parole ineligibility. Where there is a discrepancy between the transcript and the minute entry or commitment, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, on remand, the trial court is ordered to correct this inaccuracy in the commitment.
For the foregoing reasons, we affirm the Defendant's enhanced sentence of 20 years imprisonment at hard labor, without benefit of probation or suspension of sentence, and remand to the trial court for correction of the commitment.
AFFIRMED AND REMANDED.
NOTES
[1] The commitment indicates that the sentence was imposed without benefit of parole, probation or suspension of sentence, but the transcript indicates that the sentence was imposed without benefit of probation or suspension of sentence. See our review for errors patent.