*382
 
 WALTER J. ROTHSCHILD, Judge.
 

 | oThe Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Earl Horton, with one count of aggravated flight from an officer in violation of LSA-R.S. 14:108.1 (count one), three counts of felon in possession of a firearm in violation of LSA-R.S. 14:95.1 (counts two, four and five), one count of possession of stolen property, a Cadillac valued over $500, in violation of LSA-R.S. 14:69 (count three), and two counts of possession of a stolen firearm in violation of LSA-R.S. 14:69.1 (counts six and seven). Defendant was convicted on August 6, 2008 of all seven counts and sentenced to two years at hard labor on count one, aggravated flight from an officer; ten years at hard labor on count two, felon in possession of a firearm; ten years at hard labor on count three, possession of stolen property; ten years on each count for counts four and five, felon in possession of a firearm; and five years on each count for counts six and |4seven, illegal possession of a stolen firearm. The trial court ordered the three counts of felon in possession of a firearm to be served without the benefit of parole, probation or suspension of sentence. It also ordered all the sentences to run concurrently with each other.
 

 The State subsequently filed a multiple offender bill of information seeking to enhance defendant’s sentence on count three, possession of stolen property, based on a prior conviction for possession of cocaine.
 
 [1]
 
 On January 30, 2009, defendant stipulated to the allegations contained in the multiple bill after being advised of his rights. The trial court vacated defendant’s original 10-year sentence on count three and imposed an enhanced sentence, under LSA-R.S. 15:529.1, of 20 years at hard labor without benefit of probation or suspension of sentence, to run concurrent with the other sentences he was serving.
 

 Defendant’s convictions and sentences on the seven counts against him are the subject of another appeal before this Court, # 09-KA-250. In this appeal, defendant seeks review of his multiple offender sentence.
 

 FACTS
 
 [2]
 

 At approximately 3:15 a.m. on June 1, 2007, Sergeant Joseph Ragas was on patrol when he observed an SUV and a Cadillac following each other at a high rate of speed on Gretna Blvd. He explained that the section of Gretna Blvd. on which the vehicles were traveling had become a corridor to a drug infested area of the Scottsdale subdivision. Sgt. Ragas followed the cars as they turned into the Scottsdale subdivision and saw both cars run a stop sign. He was behind the second vehicle, which was the Cadillac, and activated his lights and siren to initiate a traffic stop. The driver of the Cadillac refused to stop and sped off. Sgt. Ragas |sfollowed the Cadillac through the neighborhood at speeds of 40-45 mph until the Cadillac eventually crashed into a light pole on Otis St. During the chase, Sgt. Ragas confirmed that the Cadillac was a stolen vehicle.
 

 The driver, who was the sole occupant, exited the vehicle, grabbed at his waistband, and turned to run, at which time a handgun dropped to the ground. The driver, later identified as defendant, then ran into the backyard of a nearby residence and climbed over the fence into the
 
 *383
 
 adjacent parking lot of Mothe’s Funeral Home. Sgt. Ragas pursued defendant as he went over the fence into the parking lot of the funeral home. As Sgt. Ragas came over the fence, he saw defendant running in the parking lot along the fence line toward a State building on the Westbank Expressway. He also saw two other deputies in the parking lot of the funeral home who were close to defendant and who he thought were about to catch defendant, so he returned to secure the Cadillac. He observed a second weapon on the floorboard of the passenger side and advised over the radio that defendant was armed. He then instructed officers to set up a perimeter around the State building, which was fenced in.
 

 Meanwhile, Deputy Carl Cade, one of the two deputies in the funeral home’s parking lot, saw defendant running through the funeral home parking lot and watched him climb over the chain link fence and enter the parking lot of the State building. He saw defendant jog toward the back of the State building and disappear between some FEMA trailers.
 

 As the perimeter was set up, Deputy Curtis Roy responded to the scene with his K-9, Taaka. He went through the State building, which was unlocked by a cleaning crew that was cleaning the building, into the fenced-in back parking lot area and released Taaka on a 30 ft. lead. Taaka alerted to the FEMA trailers. Deputy Roy gave a warning but there was no response. Deputy Roy then saw | (-.defendant make a break for the back fence that ran along the residences. He released Taaka, who seized defendant by biting him on the arm. Defendant proceeded to punch the dog until he was knocked to the ground and handcuffed. Deputy Roy explained that defendant had been hiding underneath the insulation under one of the trailers.
 

 Later the same day, an Otis St. resident, Angelo Deleo, discovered a revolver in his backyard, which was behind the State building. It was determined that the revolver had been previously stolen. Additionally, it was discovered that the handgun discarded by defendant outside the Cadillac had been stolen from an NOPD Lieutenant’s car in April 2007.
 

 LAW AND DISCUSSION
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [3]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the defendant’s case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by ‘“a brief referring to anything in the record that might arguably support the appeal” ’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support [7their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the
 
 *384
 
 appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 Id.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel notes that defendant stipulated to his status as a second felony |Roffender while represented by an experienced attorney. He observed that the trial court addressed defendant and ascertained that defendant knowingly and intelligently entered his stipulation. Appellate counsel further notes that defendant was sentenced in accordance with the multiple bill sentencing agreement and that the sentence was within the statutory limits. As such, counsel asserts there is no basis to appeal defendant’s multiple bill sentence.
 

 Appellate counsel has filed a motion to withdraw as attorney of record which states that he complied with the requirements of
 
 Anders,
 
 and that he notified defendant of his right to file a
 
 pro se
 
 brief. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until June 3, 2009 to file a
 
 pro se
 
 brief. Defendant timely filed a
 
 pro se
 
 brief assigning five assignments of error. However, his assignments of error relate solely to his underlying convictions and have been addressed in his first appeal, #09-KA-250.
 
 [4]
 
 Accordingly, they will not be readdressed in the present appeal.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The record shows that defendant was alleged to be a second felony offender based on a prior possession of cocaine conviction and his underlying conviction on count three for possession of stolen property. Defendant admitted his status as a second felony offender and executed a waiver of rights form. He was advised of his right to a multiple bill hearing, his right to an attorney during the hearing, and his right to remain silent. He admitted he could read and write and
 
 *385
 
 that he was satisfied with his attorney. Defendant further stated he was not forced or coerced into stipulating to the multiple bill.
 

 | ciFurthermore, defendant received the sentence for which he bargained. He was advised the sentencing range as a multiple offender was five to 20 years and that he would not receive more than 20 years. The trial court subsequently sentenced him to 20 years. Although defendant received the maximum sentence, the record shows he had several felony convictions involving drugs and weapons. Thus, defendant’s sentence is not unconstitutionally excessive.
 

 Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s multiple offender sentence. We also grant appellate counsel’s motion to withdraw as attorney of record in the present case.
 

 We have conducted an error patent review of the record of the multiple offender proceedings in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 
 [5]
 
 Our review reveals no errors patent in these proceedings.
 

 DECREE
 

 For the foregoing reasons, we affirm defendant’s multiple offender sentence. We also grant appellate counsel’s motion to withdraw as attorney of record in this case.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . The original multiple offender bill of information sought to enhance one of the counts of felon in possession of a firearm. However, the multiple bill was later amended to change the underlying offense to count three, possession of stolen property.
 

 [2]
 

 . The facts set forth in this appeal are identical to those set forth in # 09-KA-250.
 

 [3]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by die Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [4]
 

 . Defendant filed the exact same
 
 pro se
 
 brief in # 09-KA-250 as he did in the present case.
 

 [5]
 

 . Defendant is limited to an errors patent review of his multiple offender proceedings because an errors patent review of the original record in this case was conducted in defendant's first appeal, # 09-KA-250. See
 
 State v. Yrle,
 
 05-202, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1197, 1200.