920 So.2d 359 (2006)
STATE of Louisiana, Appellee,
v.
David Wayne MORRIS, Appellant.
No. 40,322-KA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 2006.
*361 Kenota Pulliam Johnson, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Lea R. Hall, Jr., Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and MOORE, JJ.
STEWART, J.
The defendant, David Wayne Morris, was charged by bill of information of three counts of armed robbery. The court imposed a sentence of 30 years on each count to be served concurrently. The defendant appeals his sentence as excessive. However, finding no merit in the defendant's claims, we affirm his conviction and sentence.

FACTS
On January 5, 2002, Morris, while armed with a knife, went to the home of 80-year-old Edward Hickman and attacked him. Morris demanded Hickman's keys, and took his automobile. The vehicle was later recovered, and the defendant confessed to the police officers that he committed the robbery. On April 11, 2002, while armed with a box cutter, the defendant forced his way into Ethan Gillespie's residence. Gillespie, age 83, and the defendant engaged in a physical confrontation. After overpowering him, Morris took Gillespie's keys and his vehicle. Gillespie identified the defendant as the perpetrator of the offense through a six-person photo lineup. On April 18, 2002, the defendant knocked on Johnny Williams' door and requested that he use the phone. After using the phone, Morris attacked Williams and sprayed him in the face with Mace, brandished a kitchen knife, and demanded the keys to Williams' vehicle. The defendant also subsequently confessed to the police officers that he committed this robbery.
In exchange for Morris' guilty plea, the state agreed to recommend that the counts run concurrent and that the sentences would be given pursuant to a pre-sentence investigation report. On each count, the trial court imposed a sentence of 30 years without the benefit of probation, parole or suspension of sentence to be served concurrently. The trial court denied the defendant's *362 motion to reconsider sentence. This appeal ensued with the defendant claiming that the sentence was excessive because the court failed to particularize the sentence in accordance with the sentencing guidelines, and that the court erred in denying his motion to reconsider sentence.

DISCUSSION

Excessive Sentence
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of offense and the worst type of offender. State v. Lanclos, supra. A defendant's reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. Id.
Prior to imposing a sentence, the court discussed several factors listed in the PSI report. The court noted the defendant's youth. Morris was 19 years old at the time of the offense and 21 at the time of sentencing. The court also noted the defendant's limited criminal history, which included a couple of misdemeanors. Additionally, the court took into consideration the victim impact statements. As mitigating factors, the court also took into consideration the defendant's letters to the court and letters written on behalf of the defendant. The court stated that it believed that the defendant was genuinely remorseful.
Responding to the sentencing guidelines, the court stated that a dangerous weapon was involved in the series of three armed robberies. The court also stated that the first of the robberies involved violence against the elderly. Additionally, the court noted that during the time that Morris was out on bond for the first offense, he committed the other two offenses including another against an elderly victim.
Considering the totality of the record, this sentence is not constitutionally excessive. *363 Although Morris is a first felony offender, he committed a series of three armed robberies within a period of three months. The sentence imposed is less than one-fourth of the maximum sentence for three counts of armed robbery. Because the sentence is tailored to fit the defendant and offense, the court did not err in denying the defendant's motion to reconsider sentence. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice.

Error Patent
Our error patent review of the record disclosed that the trial court failed to inform the defendant of the time period within which to apply for post-conviction relief, as required by La. C. Cr. P. art. 930.8. The statute contains supplicatory language which does not bestow an enforceable right on an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. Furthermore, this defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or to remand the case for re-sentencing. State v. Ferrell, 26,649 (La.App.2d Cir.12/7/94), 647 So.2d 427. The trial court should have advised the defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.

CONCLUSION
For the foregoing reasons, the conviction and the sentence are affirmed.
AFFIRMED.