CLARENCE E. McMANUS, Judge.
 

 STATEMENT OF THE CASE
 

 |2This is defendant’s second appeal. Defendant’s conviction for simple burglary of an inhabited dwelling and his 12-year sentence were affirmed by this Court in defendant’s first appeal.
 
 State v. Davenport,
 
 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445. At the time defendant’s first appeal was filed, multiple offender proceedings were pending in the district court.
 
 Davenport,
 
 08-463 at 2, 2 So.3d at 446, n. 1.
 

 The State filed a multiple offender bill of information on March 28, 2008, and then a new multiple bill on June 27, 2008. On November 10, 2008, the trial court granted defendant’s motion to quash the multiple offender bill of information as to one of the prior convictions. The State filed a multiple offender bill of information on January 23, 2009, amending the previous multiple bill to allege that defendant was a second felony offender. On this same date, defendant admitted the allegations in the multiple bill.
 

 After defendant was advised of his multiple offender rights, the trial court accepted his admission and vacated his original sentence. Defendant was sentenced as a second felony offender to 15 years imprisonment with the Department of Corrections. Defendant now files this appeal.
 

 Jc.FACTS
 

 The facts of the underlying conviction were set forth in
 
 Davenport,
 
 08-463, at 2-3, 2 So.3d at 446-47 as follows:
 

 On the afternoon of November 29, 2007, Nicole Frickey returned to her home in Marrero and found defendant asleep on her sofa. She immediately left and went to her neighbor’s house to call the police to report that a man she did not know was in her house.
 

 Deputy Wade Hotard of the Jefferson Parish Sheriffs Office responded to the call. Upon entering Ms. Frickey’s house, Officer Hotard found defendant still sleeping on the sofa with a bottle of the victim’s vodka next to him. For safety reasons, Deputy Hotard handcuffed defendant and then yelled at him to try to wake him up. After a minute or two, defendant woke up and mumbled something.
 

 Officer Hotard accompanied defendant out of the house and brought him to the rear of his patrol unit. The deputy advised defendant that he was under arrest and read defendant his
 
 Miranda
 
 rights. Thereafter, Officer Hotard searched defendant and found several items of jewelry and coins belonging to Ms. Frickey in his pockets. Ms. Frickey testified that she did not know defendant prior to the date of the incident and had not given him permission to be in her house.
 

 
 *432
 
 Defendant testified that he had been drinking for two days prior to the incident and did not remember going into the house or anything about the incident.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 In his only assignment of error, defendant argues that the trial court erred in imposing a constitutionally excessive sentence because the trial court failed to adequately consider mitigating factors such as defendant’s age, education, employment, alcoholism, and remorse. Defendant further contends that the trial court failed to consider the guidelines set forth in LSA-C.Cr.P. art. 894.1. Defendant alleges that the trial court did not give sufficient weight to aggravating and mitigating circumstances and that the imposition of his sentence was grossly out of proportion to the severity of the crime.
 

 LThe State responds that because defendant received a sentence that was imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, he is barred from challenging the excessiveness of his multiple offender sentence on appeal. The State also contends that because defendant failed to previously raise the issue regarding the trial court’s failure to comply with LSA-C.Cr.P. art. 894.1, that he is precluded from raising this issue for the first time on appeal. The State responds alternatively that even if defendant was not precluded from raising the issue on appeal, the court’s failure to articulate every circumstance listed in Article 894.1 would not require re-sentencing because the record contains an adequate factual basis for the sentence.
 

 Defendant admitted that he was a second felony offender, and he received an enhanced sentence in conformity with a plea agreement. Although the trial judge only stated the penalty range defendant faced as a second felony offender and did not provide the specific sentence defendant would receive, the waiver of rights form reflects the sentencing range that defendant faced as a second felony offender as well as an advisal that defendant would receive a 15-year sentence at hard labor. The record reflects that defense counsel went over the waiver of rights form with defendant and explained it to him prior to the colloquy. The commitment and transcript reflect defendant received a 15-year sentence to be served with the Department of Corrections.
 

 Under LSA-C.Cr.P. art. 881.2(A)(2), a defendant “cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that this article precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed prior to pleading guilty.
 
 State v. Moore,
 
 06-875, p. 15 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46.
 

 In
 
 State v. Lemeunier,
 
 07-230, pp. 13-14 (La.App. 5 Cir. 5/27/08), 986 So.2d 130, 139,
 
 writ denied,
 
 08-1403 (La.3/6/09), 3 So.3d 481, the defendant complained that his enhanced sentence was excessive, asserting that the trial court failed to state reasons for the sentence under LSA-C.Cr.P. art. 894.1, failed to consider mitigating factors, and failed to tailor the sentence to fit the facts of the case. The defendant’s enhanced sentence was the result of the stipulation to the multiple bill. This Court recognized that the defendant was advised of the sentence he would receive by the waiver of rights form and the judge. This Court concluded that because Lemeunier received a sentence that was imposed in conformity with a plea agreement set forth in the record at the time of the plea that he was barred from challeng
 
 *433
 
 ing the excessiveness of his multiple offender sentence on appeal.
 

 In
 
 State v. Stewart,
 
 03-976, pp. 8-9 (La. App. 5 Cir. 12/30/03), 862 So.2d 1271, 1277, the defendant argued that his enhanced sentence was constitutionally excessive because the crimes he committed were nonviolent offenses, and his drug problem should have warranted a lesser sentence. The defendant further argued that the trial judge failed to state for the record the factual basis for the considerations that led to his decision to impose the defendant’s sentence as mandated by LSA-C.Cr.P. art. 894.1. Citing LSA-C.Cr.P. art. 881.2(A), this Court held that the defendant’s enhanced sentence was imposed in conformity with a plea agreement that was set forth in the record at the time of the plea and, therefore, the defendant was precluded from raising a claim of excessiveness on appeal.
 

 In accordance with the above cases, we find the defendant in this case is precluded from challenging his enhanced sentence as excessive on appeal because his sentence was imposed in conformity with the plea agreement set forth in the record at the time of the multiple bill admission.
 

 |
 
 ¿ERROR PATENT DISCUSSION
 

 This Court performed an errors patent review of the original record in this case at the time of defendant’s first appeal. Defendant is now only entitled to an errors patent review of the habitual offender proceedings.
 
 See State v. Darensbourg,
 
 06-572, pp. 11-12 (La.App. 5 Cir. 12/27/06), 948 So.2d 1128, 1136,
 
 writ denied,
 
 07-0317 (La.11/9/07), 967 So.2d 495;
 
 State v. Yrle,
 
 05-202, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1197, 1200. We note one error patent for review.
 

 The commitment reflects that defendant was properly advised of the prescriptive period for filing an application for post-conviction relief, however the transcript reflects that the advisal was not complete. According to the transcript, defendant was told he had “two years from the date the sentence becomes final to file post conviction relief applications.” LSA-C.Cr.P. art. 930.8 provides that a defendant has two years from the date the defendant’s conviction and sentence become final in which to apply for post-conviction relief. Since there is a discrepancy between the minutes and the transcript, the transcript must prevail.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). The waiver of rights form for the admission of the multiple bill does not reflect an advisal.
 

 This Court may correct this error by way of this opinion rather than on remand.
 
 See Davenport,
 
 08-463 at 10-11, 2 So.3d at 451. As such, this Court advises defendant, by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
 

 In accordance with the above, defendant’s multiple offender finding and sentence are affirmed.
 

 AFFIRMED.