JOHNSON, J.
Defendant/Appellant, Jordan Hicks, appeals his convictions for two counts of second degree murder from the 24th Judicial District Court, Division, "J". For the following reasons, Defendant's convictions and sentences are affirmed.
FACTS AND PROCEDURAL HISTORY
On April 11, 2013, a Jefferson Parish Grand Jury indicted Defendant and co-defendant, Ernest L. Payne Jr.,[1] with two counts of second degree murder,[2] violations of La. R.S. 14:30.1.[3] Defendant pleaded not guilty to the charged offenses at his arraignment on May 29, 2013. Following numerous continuances, trial commenced before a 12-person jury as to both Defendant and co-defendant Payne on May 16, 2017. On May 19, 2017, Defendant was found guilty as charged on both counts.[4]
On June 2, 2017, Defendant filed a motion for new trial, arguing that because the trial court would not allow the "privately hired attorney to represent defendant," the trial court prevented him from choosing his own representation, and as a result, he was entitled to a new trial. This motion was heard on June 7, 2017, and after argument by counsel, the trial court denied the motion. After waiving delays regarding sentencing, the trial court sentenced Defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence on each count to run concurrently with each other. Defendant filed a motion for appeal in open court following sentencing, which the trial court granted on June 8, 2017. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Defendant alleges the trial court erred in: 1) denying his right to proceed to trial with the counsel of his choosing; 2) denying his retained counsel's request for a continuance; and 3) denying his motion for new trial.
*1034 LAW AND ANALYSIS[5]
Assignments of Error Numbers One, Two and Three
In his assignments of error, Defendant argues that the trial court erred in denying his motion for continuance, thereby denying him his right to counsel of his choice. As a result, Defendant contends that the trial court erred in denying his motion for new trial based on this allegation.
The record reflects that Defendant was arraigned on May 29, 2013, and was initially represented by John Benz of the Public Defender's Office. Subsequently, on August 15, 2014, Martin Regan filed omnibus motions, including a motion to enroll as counsel of record. From August 19, 2013 through April 21, 2014, the minute entries reflect that Aidan Shah, with Mr. Regan's firm, made appearances on Defendant's behalf. On June 25, 2014, Mr. Shah filed a motion to withdraw as counsel of record asserting that "[c]ircumstances have developed in the course of representation that have caused an irremediable breakdown in the attorney-client relationship which prevents undersigned counsel from providing effective assistance of counsel." Mr. Benz was then reappointed as counsel of record on July 14, 2014. The minute entries reflect that Mr. Benz made appearances on Defendant's behalf from that point onward.
Nearly three years later, on May 1, 2017, and two weeks before the scheduled trial date, attorneys Martin Regan and Adam Koob appeared in court, with Mr. Koob indicating they were "enrolling on Mr. Hicks." The record reflects that all parties approached and a bench conference was held off the record. The court then stated,
Martin Regan is present in the courtroom today. Mr. Benz is also present in the courtroom. Mr. Benz has been representing Mr. Hicks up to this point.
Mr. Regan and Mr. Koob have approached the Court this morning indicating that they have had discussions with Mr. Hicks' family about representing him.
Mr. Regan I just want to state something for the record so that it is all very clear. Mr. Hicks' trial is set and has been set for sometime for the court's trial docket of May 15...[i]t is a 2012 murder case that has been continued for any number of reasons over the course of those years. Mr. Hicks is entitled to have his trial. The District Attorney is entitled to have their trial as this matter is presently set and the Court has cleared its docket in anticipation of trying the case this week. This case will go forward on that week.
That being said, certainly, Mr. Hicks has a right to choose his Counsel. If he intends to hire you and if you intend to enroll as Counsel of Record, I am not jamming you at this point because I understand from the discussion at the bench that you have some other issues that you need to resolve.
Just understand that if you file a motion to enroll in this case, you will be his attorney and it will go to trial on May 15, which is at this point only 14 days away.
Mr. Regan then indicated that he was "familiar with the case having represented him previously," though he had two other "newer" matters set in a different jurisdiction on May 15, and he indicated he would "see what [he could] do to move those," and "let the Court know." The court then explained, "so [that] everything [was] very clear," that Mr. Benz was still Mr. Hicks'
*1035 attorney "until such time as the Court enrolls and dismisses you or enrolls Mr. Regan and allows you to withdraw. If Mr. Regan never files the motion, then you are on for May 15th." The court went on to state, after Mr. Koob interjected, that
Mr. Koob indicated that in anticipation of the representation a motion may have already been filed. Since I have told you, Mr. Regan, on the record that if it gets filed, I am signing it. But that means you understand-we understand that may have been filed not prematurely, but in advance of this discussion and as such I will hold that motion until such time as I get a call from your office indicating that, yes, it is okay to sign it.
The instant record does not contain a motion to enroll, signed or otherwise, filed by Mr. Regan or Mr. Koob.
The State responds that, importantly, the May 1, 2017 transcript does not reflect that Mr. Regan and Mr. Koob were actually retained as counsel by Defendant or his family (as is stated in the motion for new trial). The State notes that neither Mr. Koob nor Mr. Regan filed a motion to enroll, nor did Mr. Benz file a motion to withdraw. Moreover, the record also reflects that no written motion to continue the May 15, 2017 trial date was filed by any party. Additionally, the record reflects that Defendant proceeded to trial without objection.
Based on these facts, the State asserts that there are no pretrial rulings concerning this alleged issue of which Defendant complains-there were no written motions filed concerning the alleged issue, nor were there oral motions, rulings on oral motions, or objections made.
At the outset, there is no evidence in the record that a written motion for a continuance was filed or that an oral motion was made seven days in advance of the May 15, 2017 trial, as per La. C.Cr.P. art. 707.[6] While the record reflects at the May 1, 2017 hearing the trial judge's inclination not to continue the trial, a motion to continue was not raised prior to trial. Moreover, there was neither an objection to the trial court's statement that trial could go forward on May 15, 2017, nor an objection at the beginning of jury selection on May 16, 2017. The record fails to indicate that a representative of Mr. Regan's office made another appearance on the record, lodging an objection, enrolling in the case, or otherwise. Defendant has no right to argue error in the court's failure to grant a continuance if no such motion was made. Further, there was no trial court ruling upon which Defendant could have objected.[7] To preserve the right to *1036 seek appellate review of an alleged trial court error, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. La. C.Cr.P. art. 841.[8]
Nevertheless, Defendant alleged the trial court erred in denying his motion for new trial predicated on this issue. In the motion for new trial, Defendant argued that "prior to the trial of this matter defendant's family hired a private attorney to represent him in this matter," and that the court "made it clear that it had no intention" of continuing the established May 15, 2017 trial date. Defendant argued that he had an absolute right to engage an attorney of his choice to represent him and "because the court would not entertain a continuance in this matter to allow the privately hired attorney to represent defendant the court prevented the defendant from choosing his own representation," and as a result, he was entitled to a new trial. Defendant also argued that the verdict was contrary to the law and evidence and alternatively, moved for a new trial because the ends of justice would be served by the granting of a new trial.
At the hearing on the motion for new trial, the trial court denied the motion, reasoning:
[T]he insufficiency of the evidence and motion for New Trial, as well as, an argument that Mr. Hicks was denied right to the Counsel. I don't think there is any question that Mr. Benz was involved in this case for an extend period of time....At no point prior to immediately preceding to trial did Mr. Regan ever enter this court room and say that he wanted to be Mr. Hicks' attorney. He was offered the right to do so. The Court simply made him aware of the currently scheduled trial and informed him that the trial was not going to be continued because of a last minute change of attorneys. He had every right to represent Mr. Hicks.
The Court would not have opposed him representing Mr. Hicks. So should he choose to represent Mr. Hicks, he [was] allowed to do so. However, he did not. He did not appear at trial or represent Mr. Hicks and at no time did the Court tell him he couldn't. The Court simply made him aware that there was a presently schedule trial and he would be expected to comply with that trial schedule, given the length of the time the case had been set for that trial date, given the number of continuances, given how long the case had been lingering, certainly Mr. Hicks was entitled to his day *1037 in court. He had been waiting in jail long enough for that day. I think it was appropriate to go forward on that day.
The State notes the grounds upon which a motion for a new trial may be based, citing La. C.Cr.P. art. 851.[9] The State avers that the motion for new trial does not contend that the allegation concerning Mr. Regan and Mr. Koob falls within any of the first four grounds set forth in the article. The State contends that to the extent that Defendant may be challenging the denial of his motion for new trial pursuant to ground number five, which is separately alleged as a ground for relief in the motion, the State notes that the trial court's ruling is reviewable under an abuse of discretion standard. The State argues that the circumstances presented do not demonstrate that an injustice was done to Defendant, or that the trial court abused its discretion in denying him a new trial based upon ground five of La. C.Cr.P. art. 851. The State maintains that the transcript of May 1, 2017 reflects that private counsel did not move to enroll, appointed counsel did not move to withdraw, and no written motion for continuance of the May 15, 2017 date was filed.
Both the federal and state constitutions provide that a criminal defendant has the right to counsel of his own choosing to defend him. State v. Leggett , 363 So.2d 434, 436 (La. 1978) ; State v. Reeves , 06-2419 (La. 5/5/09), 11 So.3d 1031, 1055, cert. denied , 558 U.S. 1031, 130 S.Ct. 637, 175 L.Ed.2d 490 (2009). However, this right is not absolute and it must be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage of the proceedings. State v. Burbank , 07-125 (La. App. 5 Cir. 10/30/07), 971 So.2d 1173, 1178, writ denied , 07-2287 (La. 4/25/08), 978 So.2d 364. A defendant's right to counsel of his choice cannot be manipulated to obstruct orderly procedure in courts and cannot be used to thwart the administration of justice. Id. ; Reeves , 11 So.3d at 1056. An indigent defendant's right to choose his defense counsel, however, only allows the defendant to retain the attorney of choice if the defendant can manage to do so. Reeves , 11 So.3d at 1057.
It is further well-established that a defendant in a criminal trial cannot, by a last minute change of counsel, force a postponement. State v. Williams , 00-1850 (La. App. 5 Cir. 4/11/01), 786 So.2d 785, 790-91, *1038 writ denied , 01-1432 (La. 4/12/02), 812 So.2d 666. There is no constitutional right to make a new choice of counsel on the very date the trial is to begin, with the attendant necessity of a continuance and its disrupting implications to the orderly trial of cases. Leggett , supra .
Moreover, a motion for a new trial is based on the supposition that injustice has been done to the defendant, and unless such is shown to have been the case, the motion shall be denied, no matter upon what allegations it is grounded. La. C.Cr.P. art. 851. The trial court's ruling on a motion for a new trial will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Delagardelle , 06-898 (La. App. 5 Cir. 4/11/07), 957 So.2d 825, 829, writ denied , 07-1067 (La. 11/21/07), 967 So.2d 1154.
Considering the facts and circumstances of this matter, we find that the trial court did not abuse its discretion in denying Defendant's motion for new trial alleging he was denied counsel of his choice. The record reflects that no defense counsel moved for a continuance on the day of trial, as a continuance was not specifically sought either at the May 1, 2017 hearing or in the proceeding weeks leading up to trial. Two weeks prior to the scheduled trial date, Mr. Regan, who was not the attorney of record, only indicated that he might enroll, but had conflicting matters on the scheduled date of trial that he indicated he may have been able to reschedule. The record reflects that Mr. Regan did not file a motion to enroll in this case nor did he file a motion to continue. Defendant's argument presumes that Mr. Regan would have enrolled in the case but for the granting of the continuance; however, the record does not indicate why Mr. Regan did not ultimately enroll in this case. The record further reflects that Mr. Benz, who was the attorney of record, did not file a motion to continue or a motion to withdraw. (See State v. Nickles , 46,189 (La. App. 2 Cir. 4/13/11), 60 So.3d 728, writ denied , 11-090 (La. 11/18/11), 75 So.3d 450, where the defendant did not make a contemporaneous objection to the trial court's action in commencing the trial. The appellate court noted that even if he had, the trial court did not err in going forward with the trial instead of granting a continuance to allow the defendant to have retaining counsel appear in court. The record indicated that the defendant raised the issue of retained counsel on the day of trial and made no showing that counsel had in fact been retained. The appellate court found that the defendant had ample opportunity to retain counsel prior to commencement of the trial, and that court-appointed counsel had prepared a defense for the defendant).
Further, while Defendant argues he was denied the right to proceed to trial with counsel of his choosing, he does not indicate how the denial prejudiced him. Mr. Benz, Defendant's attorney for most of the criminal proceedings, represented him at trial, and there is no assertion that Mr. Benz was unprepared for trial. Based on the forgoing, we find that the trial court did not abuse its discretion in denying Defendant's motion for new trial.
Errors Patent Discussion
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). No errors that require corrective action were found.
DECREE
For the foregoing reasons, Defendant's convictions and sentences are affirmed.
AFFIRMED

Co-defendant Ernest L. Payne, Jr. has appealed his convictions and sentences under companion case number 17-KA-553.

The victims were Delanta McCall and Martin Henry.

The indictment was amended on April 11, 2013, to add Ernest L. Payne Jr. to the second degree murder charge in count two.

Co-defendant Payne was found guilty of the responsive verdicts of manslaughter on each of the two counts.

Defendant's assignments of error are interrelated and will be address in one analysis.

La. C.Cr.P. art. 707 provides:
A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Nevertheless, there is a jurisprudential exception to the requirement for a written motion where the circumstances producing the motion occur unexpectedly and there is no opportunity to prepare the motion. (See State v. Bartley , 03-1382 (La. App. 5 Cir. 3/30/04), 871 So.2d 563, 567, writ denied , 04-1055 (La. 10/1/04), 883 So.2d 1006, citing State v. Winfrey , 97-427 (La. App. 5 Cir. 10/28/97), 703 So.2d 63, 68, writ denied , 98-264 (La. 6/19/98), 719 So.2d 481 (holding that the defendant had not preserved the denial of his oral motion for continuance because no unexpected circumstances arose to prevent the filing of the written motion); see also State v. Shannon , 10-580 (La. App. 5 Cir. 2/15/11), 61 So.3d 706, writ denied , 11-0559 (La. 9/30/11), 71 So.3d 283 (where this Court also held that the defendant should have filed a written motion to continue, but nevertheless reviewed the merits of the defendant's claim.) )

See also Uniform Rules, Court of Appeal, Rule 1-3, which provides in pertinent part that "[t]he Courts of Appeal will review only issues which were submitted to the trial court[.]"

Insofar as the trial court's inclination to not grant a continuance could be construed as a denial of Defendant's motion to continue, according to La. C.Cr.P. art. 712, "[a] motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor." The Louisiana Supreme Court has consistently held that the decision whether to grant or refuse a motion for a continuance rests within the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent a clear abuse of discretion. State v. Davenport , 08-463 (La. App. 5 Cir. 11/25/08), 2 So.3d 445, 447, writ denied , 09-0158 (La. 10/16/09), 19 So.3d 473 (citing State v. Manning , 03-1982 (La. 10/19/04), 885 So.2d 1044, 1077, cert. denied , 544 U.S. 967, 125 S.Ct. 1745, 161 L.Ed.2d 612 (2005) ). In addition, the Louisiana Supreme Court generally declines to reverse convictions even on a showing of an improper denial of a motion for a continuance absent a showing of specific prejudice. Id. , 2 So.3d at 447. This Court has also recognized that the denial of a motion for a continuance is not grounds for reversal absent abuse of discretion and a showing of specific prejudice. Id. (citing State v. Bartley , 871 So.2d at 567 ).

La. C.Cr.P. art. 851 provides:
A. The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur:
(1) The verdict is contrary to the law and the evidence.
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error.
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
(6) The defendant is a victim of human trafficking or trafficking of children for sexual purposes and the acts for which the defendant was convicted were committed by the defendant as a direct result of being a victim of the trafficking activity.