STATE OF LOUISIANA                    NO. 25-K-65

VERSUS                                FIFTH CIRCUIT

JERILYN MAGEE & ERIC ROGERS           COURT OF APPEAL

                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

February 13, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** JERILYN MAGEE AND ERIC ROGERS

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 24-4704/5

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Timothy S. Marcel

**WRIT GRANTED; STAY LIFTED; REMANDED FOR FURTHER PROCEEDINGS**

Relators, Jerilyn Magee and Eric Rogers, seek this Court's supervisory review of the trial court's ruling, which granted the State's oral motion to continue made on the morning of trial. For the reasons that follow, finding the district court abused its discretion in granting the motion, we grant relator's writ application, lift the stay, and remand the matter for further proceedings.

On September 17, 2024, relators were charged by bill of information with one count of resisting a police officer with force or violence, in violation of La. R.S. 14:108.2; one count of battery upon a police officer, in violation of La. R.S. 14:34.2; and, one count of interfering with law enforcement, a violation of Jefferson Parish Code

25-K-65

of Ordinances 20-24.  On October 11, 2024, relators entered pleas of not guilty as to all counts.

According to relators, at a pre-trial conference held on January 9, 2024, the matter was set for trial on February 10, 2025.  At that time, the State purportedly stated on the record its intention to amend the bill of information on the day of trial to misdemeanor offences only.  The official record, however, does not reflect that the State did so on February 10, 2025, the morning of trial.

By way of background, relators' twenty-five-year-old son was shot and killed on February 10, 2024.  On February 17, 2024, after burying their son and as the funeral procession was leaving the cemetery, officers from the Jefferson Parish Sheriff's Officer conducted a traffic stop on relators' nephew, allegedly due to the dark tint of his vehicle's windows.  Relators, along with other family members, pulled their vehicles over to check on relators' nephew.  Following an incident that occurred between relators and law enforcement, relators were placed under arrest at the scene of the stop and transported to the Jefferson Parish Correctional Center, where they remained for twenty-four hours.

On February 6, 2025, four days prior to the scheduled trial, the State advised defense counsel that it intended to move for a continuance, on grounds that its main witness, a JPSO officer, was unavailable for trial due to medical reasons and being on short-term disability.  Defense counsel did not agree to the continuance.  The State did not file a written motion to continue trial.

Relators, and several other family members, appeared for the scheduled trial on the morning of February 10, 2025. Notably, the record does not reflect whether the district court was made aware that this was the one-year anniversary date of the death of relators' son. At that time, the State orally moved for a continuance, giving the reason that its main witness was unavailable to appear for trial due to medical reasons. Over defense counsel's objection, the district court granted the State's motion and continued the trial to March 12, 2025. At defense counsel's request, the district court granted a stay of its ruling on the motion to continue pending this Court's review. This writ application timely followed.

Louisiana Code of Criminal Procedure, Article 707 provides:

> A motion for a continuance *shall* be in writing and *shall* allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It *shall* be filed at least seven days prior to the commencement of trial.
> Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice. [Emphasis supplied.]

Pursuant to the La. C.Cr.P. art. 707, Official Revision Comment (b), "[s]ince it was decided that in criminal cases a written motion should be required, there is *no provision in this article* for an oral motion for continuance." [Emphasis added.]

Further, La. C.Cr.P. art. 709(A) provides:

> A motion for a continuance based upon the absence of a witness shall state the following:
>
> (1) Facts to which the absent witness is expected to testify, showing the materiality

3

of the testimony and the necessity for the presence of the witness at the trial.

(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred.

(3) Facts showing due diligence used in an effort to procure the attendance of the witness.

The Louisiana Supreme Court has consistently held that the decision whether to grant or refuse a motion for a continuance rest within the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent an abuse of discretion. *State v. Davenport*, 08-463 (La. App. 5 Cir. 11/25/08), 2 So.3d 445, 447, *writ denied*, 09-158 (La. 10/16/09), 19 So.3d 473.

In the instant case, relators argue the district court failed to inquire as to the specific facts the absent officer was expected to testify, thereby depriving relators of the opportunity to challenge the materiality of his testimony, and failed to inquire into when the officer went out on short-term disability or why he would remain unavailable for one more month. Relators aver that there was body camera footage available to the State, and other officers present at the scene that could provide testimony regarding the incident, in lieu of the unavailable or absent witness.

Here, we find the district court erred by granting the State's oral motion for continuance in two ways: (1) by not requiring the State to put its motion in writing in compliance with La. C.Cr.P. art. 707, when the State knew, at the very least, four days prior to trial, that the witness in question would not be available to testify; and (2) by not holding a

4

contradictory hearing requiring the State to put on evidence that a continuance was "in the interest of justice." While we are aware that there exists a jurisprudential exception to the requirement for a written motion, a district court has discretion to grant an oral motion for continuance, but this is proper only when the ground that allegedly made the continuance necessary arose unexpectedly and there was no opportunity for the State to prepare the motion. *See State v. Shannon*, 10-580 (La. App. 5 Cir. 2/15/11), 61 So.3d 706, 714. Based on the record, we do not find that the reason for requesting a continuance in the instant matter "arose unexpectedly" or that there was no opportunity for the State to file a written motion, such that an oral motion was proper. To the contrary, the record indicates that four days prior to trial, the State knew that its main witness was unavailable for trial due to medical reasons and that it intended to seek a continuance. The record is devoid of any reason explaining why the State lacked the opportunity to prepare a written motion and request a contradictory hearing prior to trial, as was required by La. C.Cr.P. art. 707.

For the foregoing reasons, we find the district court abused its discretion in granting the State's oral motion for continue under the facts of this case. We, therefore, grant relators' writ application, lift the stay, and remand the matter for further proceedings.

Gretna, Louisiana, this 13th day of February, 2025.

**SMC**
**FHW**
**TSM**

5

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>**02/13/2025**</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-65**

### <u>E-NOTIFIED</u>
24th Judicial District Court (Clerk)
Honorable Stephen D. Enright, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)          Rachel I. Conner (Relator)

### <u>MAILED</u>
Grace N. Bronson (Relator)          Molly Love (Respondent)
Attorney at Law                     Assistant District Attorney
3015 Magazine Street                Twenty-Fourth Judicial District
New Orleans, LA 70115               200 Derbigny Street
                                    Gretna, LA 70053

# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7016 2070 0000 0954 8827

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)            $ _____
☐ Return Receipt (electronic)          $ _____
☐ Certified Mail Restricted Delivery    $ _____
☐ Adult Signature Required             $ _____
☐ Adult Signature Restricted Delivery   $ _____

Postmark
Here

Postage

$

To: Grace N. Bronson
Attorney at Law
3015 Magazine Street
New Orleans, LA 70115
25-K-65                    02-13-25

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Grace N. Bronson
Attorney at Law
3015 Magazine Street
New Orleans, LA 70115
25-K-65                    02-13-25

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3586 00

2. Article Number (Transfer from service label)

7016 2070 0000 0954 8827

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X                          ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt